MATTER OF F—

In VISA PETITION Proceedings

A-15717621

*Decided by Board June 1, 1962*

Visa petition—Section 205(c), 1952 act, as amended—Purpose of evading immigration laws must be established.

Approval of a visa petition based upon a civil marriage later annulled for fraud does not preclude beneficiary from subsequently obtaining nonquota status where record fails to establish that purpose of marriage was to evade immigration laws.

BEFORE THE BOARD

**DISCUSSION:** The case is before us pursuant to certification by the District Director, New York District, of his order dated January 18, 1962, denying the visa petition for the reasons set forth more fully in an attached order bearing the same date.

Form I-130, petition to classify the status of alien for issuance of immigrant visa, filed by the native-born citizen wife, 30 years old, on behalf of the beneficiary, a native and citizen of Greece, 33 years old, sets forth that the parties were married at Bergenfield, New Jersey, on October 13, 1960. The petition shows that the petitioner was not previously married and the beneficiary was previously married once.

The file contains a prior visa petition, No. VP 3-I-126005, which was filed on February 14, 1958, by the beneficiary's first wife, K— F—, naturalized on December 3, 1957, whom the beneficiary married on December 14, 1957, at Ozone Park, Long Island, New York. Sworn statements were taken from the beneficiary and his first wife by a Service officer on January 17 and January 24, 1958, respectively. The beneficiary stated that he had anticipated being married about Christmas 1957 but when he was apprehended by the Immigration Service on December 10, 1957, they decided to have the marriage as soon as possible, and such marriage took place four days after his apprehension. Both the beneficiary and his first wife testified that they did not marry solely to enable the beneficiary to remain in the United States or to gain any benefits under the immigration laws or to avoid deportation from the United States or upon

684

advice from a lawyer or any other person. The beneficiary testified that he was residing in a two-bedroom apartment with his wife's parents and that he and his wife shared one bedroom and her parents the other. The wife testified to the same effect. The visa petition was approved for nonquota status on behalf of the beneficiary on March 19, 1958. However, the petitioner made a subsequent sworn statement before an immigration officer at the New York office on September 10, 1958, in which she repudiated her previous statement and stated that she had never lived together with the beneficiary in a man-and-wife relationship; that although they were married in a civil ceremony she never considered herself as being married to the beneficiary until such time as they decided to be married in the Greek Church; that the marriage had never been consummated; that the beneficiary lived in her father's home in a separate room and they did not share a bedroom; that she now had no intention of marrying the beneficiary in the Greek Church; that she had changed her mind and had started annulment proceedings to have the civil marriage annulled. She stated, however, that at the time she married the beneficiary in the civil ceremony she did not just marry him to aid him with immigration difficulties but actually intended to marry him in June of 1958 in the Greek Church and to actually consummate their marriage.

The order of the District Director reflects that the approval of the visa petition filed by the first wife on behalf of the beneficiary was ordered revoked on September 17, 1958, on the basis of the petitioner's testimony on September 10, 1958, which indicated the absence of a *bona fide* husband-and-wife relationship. The first wife filed an action for annulment in the Supreme Court of the State of New York, County of Queens, in which an interlocutory judgment of annulment was entered on October 17, 1958, on the ground of the fraud of the defendant. The fraud of the defendant is spelled out in the findings of fact made by the Court on October 17, 1958, to the effect that the defendant fraudulently and falsely represented to the plaintiff that he would marry her according to the Greek Orthodox religious ceremony; that the defendant at the time of making the said representations and statements knew them to be false, fraudulent and untrue, made for the intent to defraud and deceive the plaintiff and for the purpose of inducing her to enter into the marriage.

The present petition was filed February 27, 1961. On April 18, 1961, a sworn statement was taken from the beneficiary by a Service officer. He stated that he has been a seaman from 1954 until April 1960 and was always given shore leave; that he had been under immigration proceedings previously; that he left his ship in December 1955 and stayed ashore until October 1958, when he left the

United States voluntarily on the SS. "Olympia." He stated that he last entered the United States at Philadelphia about April 5, 1960, as a seaman on the SS. "Aries," intending to stay ashore indefinitely and obtain a job. He married the petitioner on October 13, 1960, after four months of keeping company, knowing that his marriage to petitioner would help him stay in the United States but claimed that he would have married her even if she was not a United States citizen; that he was and is in love with her. He stated that his previous marriage was annulled in New York some time in October 1958 but that he did not know why his first wife had their marriage annulled; that he was no longer in the United States when this happened.

The order of the District Director, New York District, reflects that the denial of the present petition is predicated upon section 205(c) of the Immigration and Nationality Act, as amended by section 10 of the Act of September 26, 1961, 8 U.S.C. 1155(c), note, C.A.P.P. 1961 (P.L. 87-301), which amends section 205(c) of the Immigration and Nationality Act by adding at the end thereof the following sentence:

Notwithstanding the provisions of this subsection, no petition shall be approved if the alien previously has been accorded, by reason of marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws—
    (1) a nonquota status under section 101(a)(27)(A) as the spouse of a citizen of the United States, or
    (2) a preference quota status under section 203(a)(3) as the spouse of an alien lawfully admitted for permanent residence.

The amendment added by section 10 of the Act of September 26, 1961, has two essential requirements before a petition may be disapproved thereunder:

(I) The alien beneficiary must previously have been accorded a nonquota status under section 101(a)(27)(A) as the spouse of a United States citizen or a preference quota status under section 203(a)(3) as the spouse of an alien lawfully admitted for permanent residence;
(II) It must be determined by the Attorney General that such nonquota or preference quota status was accorded by reason of a marriage entered into for the purpose of evading the immigration laws.

We shall first consider the second of these requirements, i.e., whether the marriage was entered into for the purpose of evading the immigration laws. The District Director has found that the testimony of the first wife was not credible, without, however, setting forth the basis of the finding, apparently basing his conclusion on the circumstances and not upon the demeanor of the witnesses. The finding in the annulment action, which was not contested nor defended because the beneficiary had already left the country, is

not dispositive of the issue of fraud in the procurement of the visa.[1] The first wife, although acknowledging her earlier statement about cohabiting with the beneficiary was false, nevertheless reiterated that the marriage was not entered into for the purpose of evading the immigration laws, that she fully intended at that time to go through a religious ceremony but that she had changed her mind. There is no evidence that the beneficiary entered into the marriage for the purpose of evading the immigration laws. It appears that what was present here was originally a *bona fide* marriage followed by a change of mind on the part of the citizen wife. Where the failure of the marriage is not the fault of the beneficiary, he is not precluded by the amendment. On the record, we are unable to arrive at a determination that the marriage was entered into by the beneficiary for the purpose of evading the immigration laws.[2]

Since the second requirement of section 205(c) of the Act, as amended by section 10 of the Act of September 26, 1961, has not been established, we deem it unnecessary to consider the first essential requisite of section 205(c), as amended, inasmuch as both elements must be present before the bar of the amendment becomes effective. The appeal will be sustained.

ORDER: It is ordered that the appeal be sustained and that the visa petition be approved for nonquota status on behalf of the beneficiary.

---

[1] Cf. *Karayannis* v. *Brownell*, 251 F.2d 882, at page 884-885 (C.A. D.C., 1957).

[2] Cf. *Matter of M—*, 7—601.