MATTER OF PISCIOTTA

In VISA PETITION Proceedings

A-12338226

*Decided by Board August 19, 1964*

Since the approval of the prior visa petition filed by beneficiary's first wife to accord him nonquota status was revoked and such revocation resulted in the denial of his application for adjustment of status under section 245, Immigration and Nationality Act, as amended, beneficiary has not been previously accorded a nonquota status within the meaning of section 205(c) of the Act, as amended [*Amarante v. Rosenberg*, 326 F. 2d 58 (C.A. 9, 1964)].

The case comes forward on appeal from the order of the Officer in Charge, Palermo, Italy dated April 3, 1964 denying the visa petition for the reasons more fully set forth in the attached order of April 2, 1964 accompanying such denial.

The facts are summarized in the memorandum accompanying the order. The petitioner, a native and citizen of the United States, 32 years old, seeks nonquota status on behalf of the beneficiary, a native and citizen of Italy, 32 years old. The parties were married at Palermo, Italy on October 19, 1963. The petitioner was not previously married. The beneficiary was previosuly married to a citizen of the United States on August 16, 1961 in Hempstead, Long Island, New York. This marriage was terminated by annulment by decree of the Supreme Court of New York, Nassau County, New York in an interlocutory judgment dated April 19, 1963 which became final as of course three months after the entry and filing, the filing date being April 22, 1963. The petitioner and the beneficiary are cousins. A certificate reciting their marriage on October 19, 1963 at Palermo, Italy has been submitted and it is assumed that the marriage is valid. Both the petitioner and the beneficiary have executed sworn statements at Palermo, Italy before an immigration officer in which they declare they are living together as man and wife and that the marriage was not for the purpose of aiding the beneficiary to enter the United States.

The beneficiary's file discloses that he entered the United States as a visitor on January 20, 1961 and the terminal date of his temporary stay in the United States was on or before August 20, 1961. However, the petitioner married his first wife, a United States citizen, on August 16, 1961 and the following day a visa petition for nonquota status and application for status as a permanent resident were filed at the New York office. The visa petition, after being approved on September 12, 1961, was withdrawn by the first wife and was revoked on January 26, 1962. As the result the application for permanent residence status was denied on February 2, 1962 on the ground that an immigration visa was not available. The beneficiary was found deportable in deportation proceedings under section 241(a)(2) of the Immigration and Nationality Act and was granted the privilege of voluntary departure with an alternate order that should he not depart when required, he be deported to Italy on the charge contained in the order to show cause. The memorandum of the Officer in Charge indicates that the beneficiary was deported on June 29, 1962 but the file before us does not contain any verification thereof.

The basis for denial by the Officer in Charge of the visa petition is predicated upon section 205(c) of the Immigration and Nationality Act as amended which provides that no petition shall be approved if the alien previously has been accorded, by reason of marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, a nonquota status under section 101(a)(27)(A) as the spouse of a citizen of the United States. The Officer in Charge concludes that the beneficiary was "accorded" a nonquota status when the visa petition filed by the first wife of the beneficiary, Amalia Pisciotta nee Gubbo, was approved by the New York office. He likewise concluded that that first marriage had been entered into for the purpose of evading the immigration laws.

The conclusion that the alien had been accorded a nonquota status when the visa petition was approved followed the administrative decision in *Matter of A—*, 9 I. & N. Dec. 705. However, that conclusion was reversed in the case of *Amarante v. Rosenberg*, 326 F.2d 58 (1964), which held that when the consular officer acts favorably on a visa or when the Attorney General acts favorably on an application for adjustment of status of an alien married to a citizen, the alien is thereby "accorded" nonquota immigrant status within the meaning of section 205(c) of the Immigration and Nationality Act, but not when the petition of the citizen spouse is approved.

In the instant case the visa petition for nonquota status on behalf of the beneficiary filed by the first wife was granted and then revoked and as the result of that revocation, the application for permanent resident status was denied. Under the holding of the court in

*Amarante* v. *Rosenberg, supra,* the alien beneficiary has not previously been accorded a nonquota status and he does not fall within the proscription contained in section 205(c) of the Immigration and Nationality Act. The appeal will be sustained.

ORDER: It is ordered that the appeal be sustained and that the visa petition be approved for nonquota status on behalf of the beneficiary.