## MATTER OF SAMSEN

### In Visa Petition Proceedings

#### A-14047005

*Decided by Board July 19, 1974*

An·immigration judge's order rescinding beneficiary's section 245 adjustment of status as a second preference immigrant based on the existence of a legal impediment to his marriage to a lawful permanent resident, is not a conclusive determination in subsequent visa petition proceedings that beneficiary's prior marriage comes within the purview of section 204(c) of the immigration and Nationality Act, as amended, as a marriage entered into for the purpose of evading the immigration laws. Such section 204(c) determination should be made independently by the district director, on the basis of the evidence actually before him, in the course of his adjudication of the subsequent visa petition.

ON BEHALF OF PETITIONER:        ON BEHALF OF SERVICE:
  Triantafyllos Thanasoulis, Esquire     Irving A. Appleman
  19 West 44th Street          Appellate Trial Attorney
  New York, New York 10036

The lawful permanent resident petitioner applied for preference status for the beneficiary as her spouse under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated March 22, 1974, the district director denied the petition. The petitioner has appealed from that denial. The appeal will be sustained and the record will be remanded to the district director.

The beneficiary is a 37-year-old native and citizen of Thailand. He married the petitioner in 1971. The record shows that the beneficiary had been married twice previously—first to another native and citizen of Thailand, and then, in 1967, to a lawful permanent resident of the United States.

On the basis of his 1967 marriage, the beneficiary was granted preference status under section 203(a)(2) of the Act as the spouse of a lawful permanent resident, and his status was subsequently adjusted to that of a lawful permanent resident under section 245 of the Act. On January 13, 1979, after proceedings under section 246 of the Act, an immigration judge ordered the beneficiary's grant of status as a lawful permanent resident rescinded. The basis for rescission was the existence of a legal impediment invalidating the petitioner's marriage to his lawful perma-

28

nent resident wife. On appeal, we affirmed the immigration judge's decision rescinding status.

The district director has based his present decision on section 204(c) of the Act, which states that "no petition shall be approved if the alien has previously been accorded a nonquota or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws." The district director apparently considered the prior decision of the immigration judge in rescission proceedings to be a conclusive determination that the beneficiary's prior marriage to a lawful permanent resident was entered into for the purpose of evading the immigration laws. This conclusion was erroneous.

Neither section 204(c) nor the regulations specify who may make the Attorney General's section 204(c) decision and at what point it is to be made. However, we have held that the determination is to be made in behalf of the Attorney General by the district director in the course of his adjudication of the subsequent visa petition. *Matter of Iezza,* A–10792574 (BIA November 17, 1970).

In making that adjudication, the district director may rely on any relevant evidence, including evidence having its origin in prior Service proceedings involving the beneficiary, or in court proceedings involving the prior marriage. But the determination is for the district director to make (subject, of course, to possible review by us on appeal). In making his decision, the district director should not ordinarily give conclusive effect to the determinations made in the prior collateral proceedings, but should reach his own independent conclusion based on the evidence actually before him. See *Matter of F-,* 9 I. & N. Dec. 684 (BIA 1962).

The present record does not support the district director's conclusion that the beneficiary's prior marriage was entered into for the purpose of evading the immigration laws. The rescission determination dealt only with a legal impediment to the marriage; section 204(c) goes to the underlying purpose of the marriage. A legally invalid marriage is not necessarily one which was undertaken for the purpose of evading the immigration laws. Although an examination of the entire record of the rescission proceedings could conceivably shed some light on the issue of whether there was an intent to evade the immigration laws, the present record does not contain any of the evidence or testimony on which the decision to rescind was grounded.

The information presently before us is insufficient to enable us to determine whether or not the beneficiary's prior marriage was undertaken to evade the immigration laws. In addition, the petitioner has submitted several new items of evidence on appeal. Consequently, we shall remand the record to the district director in order to give him an

opportunity to consider the new evidence submitted by the petitioner, and to make an independent determination regarding the beneficiary's prior marriage as required under section 204(c) of the Act.

ORDER: The appeal is sustained and the record is remanded to the district director for further proceedings in accordance with the above opinion.