MATTER OF VILLAGOMEZ

In Deportation Proceedings

A-14193378

*Decided by Board November 25, 1975*

(1) Respondent, a native and citizen of Mexico, was admitted to the United States for permanent residence in May 1965. Prior to admission, he told the United States consul that he was married to a United States citizen whereas, in fact, that marriage was void because of a previous undissolved marriage. In the absence of clear, convincing and unequivocal evidence that the respondent made a *willful* misrepresentation, he is not deportable as an alien excludable at entry under section 212(a)(19) of the Immigration and Nationality Act, as amended.

(2) Inasmuch as respondent's marriage to a U.S. citizen was void, respondent was subject to the provisions of section 212(a)(14) of the Act. However, in the absence of showing that the Secretary of Labor would have affirmatively acted or did act to preclude the admission of respondent, he is not deportable as an alien excludable at entry under section 212(a)(14) as that section of the statute read at the time of his entry in May of 1965—prior to its amendment by the Act of October 3, 1965, which placed direct responsibility on the alien to obtain certification from the Secretary of Labor.

(3) Since respondent received his nonquota immigrant classification as a native of the Western Hemisphere, not as the spouse of a U.S. citizen, his misrepresentation to the consular officer has no bearing on his deportability as one inadmissible at entry under section 212(a)(20) of the Act. While the misrepresentation arguably was germane to respondent's inadmissibility under section 212(a)(14), since that charge has not been sustained, it cannot be used to support the "no visa" charge under section 212(a)(20) and the "no visa" charge falls.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(20)—no valid immigrant visa.

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(14)—no labor certification.

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(19)—visa procured by fraud.

ON BEHALF OF RESPONDENT: John F. Sheffield, Esquire
523 West Sixth Street
Los Angeles, California 90014

In a decision dated August 8, 1974, an immigration judge found the respondent deportable, denied his application for suspension of deporta-

tion, and granted him voluntary departure in lieu of deportation. The respondent has appealed from that decision. The appeal will be sustained.

The respondent, a native and citizen of Mexico, was admitted to the United States as a lawful permanent resident in May, 1965. Prior to his admission he told the United States consul that he was married to a United States citizen when, in fact, that marriage was void on account of a previous undissolved marriage. Deportation proceedings were instituted against him based upon the following charges:

(1) Section 241(a)(1) of the Immigration and Nationality Act as an alien without a valid visa [section 212(a)(20) of the Act];

(2) Section 241(a)(1) of the Immigration and Nationality Act as an alien without a valid labor certification [section 212(a)(14) of the Act];

(3) Section 241(a)(1) of the Immigration and Nationality Act as an alien who willfully misrepresented a material fact in order to procure a visa [section 212(a)(19) of the Act].

The immigration judge found the respondent deportable on the first two charges but concluded that the evidence was insufficient to establish that a willful misrepresentation had been made, and he dismissed the third charge.

With respect to the section 212(a)(19) charge, we agree with the immigration judge that the Service has failed to establish by clear, convincing and unequivocal evidence that the respondent made a *willful* misrepresentation.

With respect to the section 212(a)(14) charge, we disagree with the conclusion of the immigration judge. Section 212(a)(14) in May of 1965 excluded from admission:

Aliens seeking to enter the United States for the purpose of performing skilled or unskilled labor, if the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) sufficient workers in the United States who are able, willing, and qualified are available at the time (of application for a visa and for admission to the United States) and place (to which the alien is destined) to perform such skilled or unskilled labor, or (B) the employment of such aliens will adversely affect the wages and working conditions of the workers in the United States similarly employed. 8 U.S.C. section 1182 (1952).

Certain specified aliens were exempted from this provision, including the spouses of United States citizens. Inasmuch as the respondent's marriage to a United States citizen was void, the respondent was subject to the provisions of section 212(a)(14). This section was radically altered in the amendment of the Act of October 3, 1965, which placed direct responsibility on the alien to obtain certification from the Secretary of Labor. However, in order to find the respondent deportable as an alien excludable at entry under section 212(a)(14) as the statute read in May of 1965, the Service must show by clear, convincing and unequivocal evidence that the Secretary of Labor would have affirmatively acted or did act to preclude the admission of the respondent. No such showing has been

made. As a consequence, the order of deportation is not sustained on the section 212(a)(14) charge.

With respect to the section 212(a)(20) charge, the respondent made a misrepresentation to the consular officer concerning his marriage to a United States citizen. That misrepresentation has no bearing on deportability under section 212(a)(20) unless the respondent's visa was obtained as a result of the misrepresentation. The respondent received his nonquota immigrant classification as a native of the Western Hemisphere, not as a spouse of a United States citizen. The misrepresentation arguably was germane to the respondent's admissibility under section 212-(a)(14), but inasmuch as the Service has not met its burden of proof on that charge, it cannot be used to support the "no visa" charge under section 212(a)(20). Consequently, the respondent's deportability on the section 212(a)(20) charge has not been established.

The Service has not shown by clear, convincing and unequivocal evidence that the respondent was deportable on any of the three charges brought against him. The appeal will therefore be sustained and the proceedings against him terminated.

ORDER: The appeal is sustained, and the deportation proceedings are terminated.