## MATTER OF RUBINO

### In Visa Petition Proceedings

#### A-19747407

*Decided by Board January 9, 1975*

Where a prior visa petition classifying the beneficiary as the spouse of a United States citizen was approved, then subsequently revoked because the marriage was entered into for the purpose of according immigration benefits to the beneficiary and the beneficiary was not issued a visa or granted adjustment of status on the basis of the prior petition, section 204(c) of the Immigration and Nationality Act did not operate to preclude approval of a subsequent petition filed to accord that same beneficiary fifth preference classification.

ON BEHALF OF PETITIONER:  
Irving I. Freedman, Esquire  
134 N. LaSalle Street, Suite 1616  
Chicago, Illinois 60602

ON BEHALF OF SERVICE:  
Irving A. Appleman  
Appellate Trial Attorney

In a decision dated April 11, 1974, the district director revoked approval of a visa petition classifying the beneficiary as a preference immigrant under section 203(a)(5) of the Immigration and Nationality Act. The United States citizen petitioner has appealed from that decision. The appeal will be sustained and the record remanded to the district director for further action consistent with this opinion.

The visa petition, filed in order to accord the beneficiary status as the petitioner's brother, was approved on September 15, 1973. The district director does not appear to contest the existence of the claimed relationship. Although the record as forwarded on appeal does not contain the district director's decision, a copy of that decision supplied by counsel for the petitioner at oral argument indicates that the district director predicated his revocation of approval on section 204(c) of the Act. The record does contain a copy of the district director's letter to the petitioner, dated March 11, 1974, which gave notice of the intention to revoke approval of the petition and which specified section 204(c) as the authority upon which the district director was relying.

Section 204(c) provides, in pertinent part:

. . . no petition shall be approved if the alien has previously been accorded a nonquota or preference status as the spouse of a citizen of the United States or the spouse of an

alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws.

In October of 1972, an earlier visa petition classifying the beneficiary as the spouse of a United States citizen was approved. Approval of that petition was revoked in March of 1973 pursuant to a request by the earlier petitioner that the petition be withdrawn. At that time both the beneficiary and the earlier petitioner signed statements indicating that their marriage was entered into for the purpose of according immigration benefits to the beneficiary.

The District Director relied on the beneficiary's earlier classification as the spouse of a United States citizen in determining that section 204(c) prohibits the approval of the present petition. The beneficiary, however, was not issued a visa or granted adjustment of status on the basis of that earlier petition.

An alien who merely has been classified as the spouse of a United States citizen has not been "accorded a nonquota or preference status," as that phrase of section 204(c) has been interpreted. *Amarante* v. *Rosenberg*, 326 F.2d 58 (C.A. 9, 1964); *Matter of Piscotta*, 10 I. & N. Dec. 685 (BIA 1964). Accordingly, the beneficiary does not fall within the prohibition of that section. The district director's decision revoking approval of the visa petition was incorrect.

The record indicates that the district director was aware of the case law regarding section 204(c) prior to the forwarding of the record on appeal. While it may be that the decision to *commence* the proceeding to revoke approval of this visa petition was made without an appreciation of the case law, it is clear that the district director, or persons acting in his behalf, desired to challenge that case law. The manner in which that challenge was raised, however, presents some serious problems.

Pursuant to 8 CFR 3.1(g), our precedent decisions are binding on the Service in all proceedings involving the same issue or issues. This regulation does not entirely foreclose the Service from attacking case law it deems erroneous. However, the Service is bound by the regulation and any such attack should be done in a manner which affords adequate protection to the interests of the person or persons affected.

In this case, the district director could easily have instituted the proceeding to revoke approval of the visa petition, then have made a finding in favor of the petitioner on the basis of *Matter of Pisciotta*, supra, and then have certified the record to us with a statement as to why that case should be overruled or modified. Such a sequence of events would assure our review of the record. We would be enlightened regarding problems in the application of a Board decision, and the protection of an individual's interests would not depend upon the accident of an appeal.

195

**ORDER:** The appeal is sustained and the approval of the visa petition is reinstated.

*Further order:* The record is remanded to the district director for further action consistent with this opinion.