MATTER OF AGDINAOAY

In Visa Petition Proceedings

A-31346917

*Decided by Board June 30, 1978*

A finding of deportability under section 241(c)(2) of the Act, 8 U.S.C. 1251(c)(2), in a final order of deportation provides a clear and substantial basis for a District Director's determination that the section 204(c) bar precludes the respondent from thereafter being accorded a nonquota or visa preference status, *absent* evidence of any gross miscarriage of justice sufficient to support a collateral attack on the prior deportation proceedings.

ON BEHALF OF PETITIONER: William F. Thompson, III, Esquire
925 Bethel Street, Suite 205
Honolulu, Hawaii 96813

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members. Concurring Opinion by Board Member Farb.

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). In a decision dated July 7, 1977, the District Director denied the petition based on his finding that the beneficiary was ineligible for such status under the provisions of section 204(c) of the Act, 8 U.S.C. 1154(c). The petitioner has appealed. The appeal will be dismissed.

The beneficiary, a native and citizen of the Philippines, married the petitioner on December 6, 1975, in Honolulu, Hawaii. In September 1976, the petitioner filed the present visa petition on his behalf.

The beneficiary had previously been accorded immediate relative status based upon a visa petition filed by his first wife, also a United States citizen, whom he married in the Philippines on May 22, 1971.[1] He entered the United States in August 1971 as a nonquota immigrant based upon that approved spousal petition. In a decision dated October 23, 1975, however, an immigration judge found the beneficiary deportable under sections 241(a)(2) and 241(c)(2) of the Act, 8 U.S.C. 1251(a)(2) and 1251(c)(2), as an alien who entered in violation of section 212(a)(19),

---

[1] This marriage was terminated by divorce on October 15, 1975.

545

8 U.S.C. 1182(a)(19), with an immigrant visa procured by fraud, it "appearing to the satisfaction of the Attorney General that [he] failed or refused to fulfill [his 1971] marital agreement which in the opinion of the Attorney General was made for the purpose of procuring [his] entry as an immigrant." [2] No appeal was taken from this decision and it accordingly became a final order of deportation. 8 C.F.R. 242.20.

On July 7, 1977, the District Director denied the present visa petition based on his finding that approval of the petition was precluded under section 204(c) of the Act. That section, in relevant part, prohibits the approval of a visa petition on behalf of an alien who "has previously been accorded a nonquota . . . status as a spouse of a citizen of the United States . . . by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws." In view of the final order of deportation, the District Director found that it had been established that this beneficiary's first marriage "was entered into for the sole purpose of evading the immigration laws." As he had been accorded an immigration benefit based upon that marriage, the District Director concluded that section 204(c) precluded him from once again being granted nonquota status as the spouse of a citizen.

In an appeal dated July 21, 1977, the petitioner, through counsel, submits simply that ". . . Section 204(c) of the Act is not applicable to this case . . . ." [3] No basis for this conclusory statement is provided on appeal, however, and we find that the section 204(c) disqualification was properly determined to preclude approval of the visa petition on behalf of this beneficiary.

The determination of whether the section 204(c) bar applies to a beneficiary is to be made by the District Director in the course of his adjudication of a visa petition. *Matter of Samsen*, Interim Decision 2305 (BIA 1974). A finding that section 204(c) does apply to an alien must be based on evidence that is substantial and probative. *Matter of La Grotta*, 14 I. & N. Dec. 110 (BIA 1972). Ordinarily, the District Director should reach his conclusion based on evidence actually before him and should not give conclusive effect to determinations made in prior collateral proceedings. This is particularly true where the issues determinative of the section 204(c) question were not controlling at the prior

---

[2] At that deportation hearing, the beneficiary herein was also found deportable under section 241(a)(1) of the Act, 8 U.S.C. 1251(a)(1), as an immigrant not in possession of a valid visa at the time of his entry.

[3] The entire statement of appeal reads:

The District Director erred in his findings of fact and conclusions of law in that Section 204(c) of the Act is not applicable to this case as will be set forth in the brief to be filed herein.

Neither a brief, nor an explanation for its absence, however, appears in the record before the Board.

proceeding. See *Matter of Samsen, supra; Matter of F—*, 9 I. & N. Dec. 684 (BIA 1962).

A District Director, however, can base his determination that the section 204(c) bar applies to a beneficiary on the fact that the beneficiary has previously been found deportable under sections 241(a)(2) and 212(a)(19) by virtue of applicability of section 241(c)(2) of the Act. A finding of deportability under these circumstances inherently involves a factual determination based on clear, convincing, and unequivocal evidence that the respondent engaged in fraudulent conduct by entering a marriage "for the purpose of procuring his . . . entry as an immigrant." Such a finding in a final order of deportation, therefore, provides a clear and substantial basis for a District Director's determination that the section 204(c) bar precludes the respondent from thereafter being accorded a nonquota or preference status, absent evidence of any gross miscarriage of justice sufficient to support a collateral attack on those prior proceedings. See *Matter of La Grotta, supra; Palma v. INS*, 318 F.2d 645 (6 Cir. 1963).

We, therefore, find that the District Director's determination regarding the applicability of section 204(c) to this beneficiary was proper. Thus, the petitioner has failed to establish that the beneficiary is eligible for the immigration benefit sought. *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966). Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

CONCURRING OPINION: Ralph Farb, Board Member.

I agree with the action of the Board on the record before us, dismissing the appeal from the District Director's determination that section 204(c) of the Immigration and Nationality Act bars the subject beneficiary from approval of the immediate relative petition by his second wife. The decision of the immigration judge in expulsion proceedings dated October 23, 1975, which became final when not appealed from, held the subject to be deportable under section 241(a)(2) and the second part of section 241(c) of the Act. An essential part of that holding, as stated in section 241(c), was that the subject's first marriage had been made for the purpose of procuring his entry as an immigrant. This is legally the equivalent of the words in section 204(c), ". . . a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws." The issue is not open to collateral attack in the visa petition proceeding.

Nevertheless, when I read the 1975 decision I have difficulty in isolating the factual premises from which the crucial legal conclusion sprang. Indeed, it seems at least equally probable, looking only at the immigration judge's decision, that the subject's first marriage on May 21, 1971, was entered into in good faith but was short-lived and was

547

nonexistent de facto on August 18, 1971, when the subject applied for his immigrant visa and on August 30, 1971, when he was admitted to the United States. This would be a distinction without a legal difference as far as the validity of the immigrant visa and subsequent deportability were concerned. *Matter of Sosa*, Interim Decision 2469 (BIA 1976). However, if subject had been found deportable solely on account of a marriage bona fide in its inception but nonviable at the critical immigration dates, that determination would not have created a bar to the approval of the present visa petition. *Matter of Rahmati*, Interim Decision 2654 (BIA 1978).

It would be presumptuous on my part to form firm conclusions about the facts in the deportation case solely on the basis of textual analysis of the oral decision of the immigration judge. The complete record in the expulsion case was not incorporated in the present visa petition record. Therefore, I am merely suggesting that if the subject and his counsel, who is also counsel to the present petitioner, after examination of the whole expulsion proceeding record, think it may serve some useful purpose, they may wish to move for reopening and reconsideration of that proceeding.

The immigration judge in 1975 held that it was unnecessary to rule on an alternate Service theory of invalidity of the immigrant visa, that the subject's marriage was invalid in its inception because of the nonage of the bride. It is interesting to contemplate the subsequent effect under section 204(c) if he had upheld the charge on that ground.