09-1277-ag
Yang v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of February, two thousand and nine.

Present:     JOSÉ A. CABRANES,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                     Circuit Judges.

_____

YOU DING YANG,

                                                    Petitioner,

             -v-                                    09-1277-ag

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

                                                    Respondent.

_____

Appearing for Petitioner:     Gary J. Yerman, New York, NY.

Appearing for Respondent:     Tony West, Assistant Attorney General, Civil Division; John C Cunningham, Senior Litigation Counsel Office of Immigration Litigation; Remi Adalemo, Civil Division, U.S. Department of Justice, Washington, DC.

Petition for review of an order of the Board of Immigration Appeals ("BIA").

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**, the decision of the BIA is **VACATED**, and the matter is **REMANDED** to the BIA.

You Ding Yang ("petitioner") seeks review of a March 13, 2009 order and decision of the BIA, denying his motion to reopen his deportation proceedings.[1] Petitioner argues that the BIA erred in refusing to exercise its sua sponte authority to reopen the case pursuant to 8 C.F.R. § 1003.2(a), and that Yang is prima facie eligible for adjustment of status under 245(i) of the Immigration and Nationality Act, 8.U.S.C. § 1255(i). We assume the parties' familiarity with the underlying facts, procedural history, and the specification of issues for review.

We review the BIA's denial of a motion to reopen under an abuse of discretion standard. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir. 2005).

The BIA based its decision to deny Yang's motion to reopen on three, and possibly four, grounds: 1) petitioner's failure to withdraw his application for voluntary departure before the departure period; 2) his ineligibility for adjustment of status; and 3) that Yang's motion was untimely because it was not filed within 90 days of the entry of the order of the immigration judge. 8 C.F.R. § 1003.2(c)(2). The BIA also noted that Yang's wife had previously submitted a Petition for Alien Relative ("I-130 petition") on his behalf, and that it had been denied. The BIA did not specify whether or not the denial of the I-130 petition was relevant to the question of Yang's eligibility, or whether it established independent support for denying the motion. We therefore proceed by considering each these possibilities in the alternative.

The government concedes that the BIA erred in finding that the voluntary departure period, during which Yang would not have been eligible to file a motion to reopen, had not elapsed by the time Yang filed the motion at issue here.

We therefore proceed to consider the remaining grounds of the BIA's decision. To the extent that the BIA rested its decision on the fact that Yang's I-130 petition had been denied either in determining his eligibility for status, or as an independent ground, we find that the decision was based on an incorrect understanding of the law.

While it is true that approval of an I-130 petition is a prerequisite to an application for adjustment of status, the BIA has determined that a previous denial of an application will not prejudice future applications, and relatedly, that each application will receive de novo consideration. In re Sonia May Jenkins, 2009 WL 1863796 (BIA June 19, 2009) (citing In re Tawfik, 20 I & N Dec. 166, 168 (BIA 1990); In re F-, 9 I & N Dec. 684 (BIA 1962)). This standard also applies in situations where the prior denial was based, as it was here, on a failure to appear for an interview with the immigration judge. In re Tian Ming Li, 2009 WL 888482 (BIA

---

[1] Yang's petition for review only concerns the March 13, 2009 order of the BIA and, as a result, this appeal does not involve any issues arising from the BIA's earlier February 24, 2003 judgment on one of Yang's earlier motions to reopen. See Stone v. INS, 514 U.S. 386, 401-02 (1995).

2

Mar. 13, 2009).

Yang's eligibility for adjustment of status is therefore not ipso facto precluded because his I-130 petition was denied. If we are correct that the denial of Yang's I-130 petition was relevant to the BIA's determination of his eligibility for adjustment of status, then the only remaining defect in Yang's application to reopen would be its untimeliness. Under these circumstances, we are not convinced that the BIA would have declined to exercise its sua sponte authority, because it would not have been clear that granting Yang's motion to reopen would be futile. We also cannot conclude that the result would be the same if the I-130 petition had constituted an independent reason for denying Yang's motion. In either case, the analysis would have been substantially changed if the BIA had examined Yang's claims under the correct law.

While it is generally within the discretion of the BIA to determine whether or not to exercise its sua sponte authority, see 8 C.F.R. 1003.2(a); Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir. 2006), this is not so where the BIA renders its decision on the basis of a misunderstanding of the relevant law. In Mahmood v. Holder, 570 F.3d 466 (2d Cir. 2009), we held that "where the [a]gency may have declined to exercise its sua sponte authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the [a]gency for reconsideration in view of the correct law is appropriate." Id. at 469.

We find the record in this case to be analogous to Mahmood in that the BIA based its decision upon on a misunderstanding of the legal background that, in our view, was sufficient for it to find remand to be futile. Id. at 471. Consequently, we find that remand to the BIA is appropriate so that it can to reconsider Yang's petition in light of the relevant law. Because we remand to the BIA to reconsider Yang's motion to reopen, we do not reach his argument that he is prima facie eligible for adjustment of status.

We therefore **GRANT** the petition for review, **VACATE** the BIA's order, and **REMAND** the matter to the BIA for reconsideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk