[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11062
Non-Argument Calendar
_____

Agency No. A077-912-931

MIGUEL EDUARDO LARREA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 31, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Miguel Eduardo Larrea seeks review of the Board of Immigration Appeals'

(BIA's) dismissal of his appeal from an Immigration Judge's (IJ's) denial of his adjustment-of-status application and order of removal.  We dismiss the petition in part and deny it in part.

## I.

Larrea, a native and citizen of Ecuador, entered the United States on May 23, 1999, as a non-immigrant visitor with authorization to remain in the country until November 22 of that year.  On November 11, Larrea filed an I-485 Application to Register Permanent Resident or Adjust Status.  Also that day, Zoila Maria Villavicencio, who was then Larrea's wife, filed an I-130 Petition for Alien Relative — a visa petition — on Larrea's behalf.

The former Immigration and Naturalization Service (INS) interviewed Larrea and Villavicencio about these submissions in July 2000.  Then, in April 2001, the INS issued a Notice of Intent to Deny the visa petition based on Larrea and Villavicencio's failure to provide clear and convincing evidence that their marriage was *bona fide*.  The INS gave Villavicencio an opportunity to rebut this finding.  Instead, Villavicencio told the INS that she and Larrea were separated and that she intended to divorce him.  Consequently, in August and September 2001, the INS denied Larrea's I-485 application and the I-130 petition Villavicencio filed on his behalf.  Larrea and Villavicencio divorced in 2002.

2

In March 2009, Larrea filed a second I-485 application.  This time, his daughter, a United States citizen, filed an I-130 petition on his behalf.  In June 2009, the Department of Homeland Security's (DHS's) Citizenship and Immigration Service (CIS), which replaced INS, sent Larrea a notification that his I-485 application had been approved.[1]  Just two days later, however, CIS issued a Notice of Intent to Deny the I-130 petition based upon the CIS District Director's determination that the Immigration and Nationality Act (INA) § 204(c), 8 U.S.C. § 1154(c), applied to Larrea's case.  That section provides:

> [N]o petition shall be approved if . . . the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States . . . , by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws.

INA § 204(c), 8 U.S.C. § 1154(c).  CIS indicated that, based on INS's findings in connection with the 1999 visa petition, Larrea married Villavicencio solely for the purpose of obtaining immigration benefits.  CIS gave Larrea's daughter an opportunity to respond to the notice.  Although Larrea's daughter responded with a statement from Villavicencio that her marriage to Larrea was sincere, CIS denied

---

[1] Larrea argued before the IJ and BIA that this notification constituted an approval, and both rejected his contention.  Larrea does not, however, assert this argument in his petition before this court.  He has therefore abandoned the issue.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

3

the I-130 petition on August 25, 2009, based on INA § 204(c).  CIS then denied

Larrea's I-485 application based on the denial of his I-130 petition.  The record

does not indicate that Larrea or his daughter appealed either of these decisions.

The next day, DHS served Larrea with a Notice to Appear, charging him

with removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for

remaining in the United States longer than permitted.[2]  At a hearing before an IJ,

Larrea, through counsel, conceded removability under INA § 237(a)(1)(B).  But he

argued that he was entitled to relief from removal based on his application for

adjustment of status.  He denied the factual findings made in connection with the

denial of the first I-130 visa petition filed on his behalf and, as a result, argued that

he did not fall within the purview of INA § 204(c) for purposes of the second

petition.  Larrea's counsel stated that Larrea sought only adjustment of status

based on the I-130 petition his daughter filed and no other form of relief from

removal.  The IJ warned that Larrea was probably not entitled to adjustment of

status, but he took the matter under advisement.

After the hearing, the IJ issued a written decision finding Larrea removable,

---

[2] DHS also charged Larrea with removability under INA § 237(a)(1)(G)(ii), 8 U.S.C. § 1227(a)(1)(G)(ii), for committing marriage fraud.  And, although the IJ found Larrea removable under this section, on appeal the BIA reversed this finding.  It is therefore immaterial to Larrea's instant petition.

denying adjustment of status based on INA § 204(c), and ordering his removal to Ecuador.  The IJ found that Larrea was ineligible for adjustment of status because the I-130 petition had not been approved and an approved I-130 petition is a precondition for approval of an I-485 application for adjustment of status.  The IJ relied on the District Director's determination that INA § 204(c) barred approval of Larrea's I-130 petition.

Larrea appealed to the BIA, arguing that the IJ erred in declining to give him an opportunity to rebut DHS's evidence and to apply for any other relief available.  The BIA sustained Larrea's removability under INA § 237(a)(1)(B), which Larrea did not contest.[3]  And the BIA confirmed that Larrea was ineligible for adjustment of status because the District Director's INA § 204(c) determination barred approval of the I-130 visa petition and, without an immigrant visa, CIS could not approve Larrea's I-485 application.  Finally, the BIA concluded that Larrea received ample opportunity to present evidence and had affirmatively waived other available forms of relief during his hearing before the IJ.

---

[3] Larrea contests the IJ's removability finding under INA § 237(a)(1)(B) for the first time on appeal.  Because he never contested the finding before the BIA, we lack jurisdiction to review the claim, and we dismiss this portion of Larrea's petition.  *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006).

This is Larrea's petition for review of the BIA's decision dismissing his appeal.

## II.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA did not expressly adopt the IJ's decision. We review the BIA's legal determinations *de novo*, and review "administrative fact findings under the highly deferential substantial evidence test." *Rivera v. U.S. Att'y Gen.,* 487 F.3d 815, 820 (11th Cir. 2007) (internal quotation marks omitted). We must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva v. U.S. Att'y Gen.,* 448 F.3d 1229, 1236 (11th Cir. 2006) (internal quotation marks omitted). To reverse a factual finding by the BIA, we must find that "the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*).

## III.

### A.    The BIA's removability finding

Larrea contends that the BIA erred in finding him removable. He first

argues that the BIA's "policy in deportation cases" is arbitrary and capricious under the Supreme Court's decision in *Judulang v. Holder*, 132 S. Ct. 476 (2011). But Larrea points to no policy in particular that he claims is arbitrary and capricious. Instead, he seems to argue that the BIA's reliance in this case on CIS's earlier findings was erroneous. Thus, *Judulang* is inapposite. And, as Larrea conceded before the BIA and again in his appellate brief, he remained in the United States beyond his authorization to do so, which makes him removable under INA § 237(a)(1)(B). Larrea accordingly has not shown that the BIA erred in finding him removable. *Adefemi*, 386 F.3d at 1027.

B.    Larrea's application for adjustment of status

Larrea next argues that the BIA should have remanded his case to the IJ to review the CIS District Director's determination that the second I-130 petition fell within the purview of INA § 204(c) and should therefore be denied. He contends that, because this is a removal proceeding, the IJ should have not given conclusive effect to the prior visa and adjustment-of-status proceedings.

The Attorney General may, at his discretion, adjust the status of an alien to that of a lawful permanent resident, and thereby permit relief from removal, if the alien (1) applies for adjustment of status, including by filing an I-485 application, (2) is eligible to receive an immigrant visa and is admissible to the United States

7

for permanent residence, and (3) has an immigrant visa immediately available to him at the time the I-485 application is filed.  INA § 245(a), 8 U.S.C. § 1255(a).[4] But, if the Attorney General determines that the alien entered into a marriage "for the purpose of evading immigration laws," the Attorney General cannot issue an immigrant visa, which would render an applicant ineligible for adjustment of status.  INA § 204(c), 8 U.S.C. § 1154(c).

The CIS District Director is tasked with determining, on the Attorney General's behalf, whether INA § 204(c) prevents the approval of an alien's I-130 visa petition.  *Matter of Samsen*, 15 I. & N. Dec. 28, 29 (BIA 1974).  Although that decision is directly appealable to the BIA, it is not reviewable by either an IJ or the BIA in a later removal proceeding.  *Matter of Aurelio*, 19 I. & N. Dec. 458, 460-61 (BIA 1987).  Larrea never directly appealed the District Director's determination that he was ineligible for an immigrant visa based on § 204(c) because he married Villavicencio to evade immigration laws to the BIA.  And he cannot argue the merits of the determination now, in his removal proceedings.  Accordingly, Larrea was not entitled to remand to the IJ, and we do not disturb the

---

[4]Although we generally lack jurisdiction to review any claim by an alien "regarding the granting of relief" under INA § 245(a), we retain jurisdiction over constitutional claims and questions of law raised in a petition for review.  INA § 242(a)(2)(B)(i), (D); 8 U.S.C. § 1252(a)(2)(B)(i), (D).  Because Larrea challenges the BIA's legal determinations and alleges a due-process violation, we have jurisdiction to entertain these claims.

District Director's determination that Larrea was ineligible for an immigrant visa based on INA § 204(c). Therefore, because Larrea did not have a valid immigrant visa when he filed his I-485 application, the BIA correctly determined as a matter of law that Larrea was ineligible for adjustment of status.

C.    Larrea's due process claim

Finally, Larrea argues that he was not given an adequate opportunity to defend his case before the IJ. He claims that he deserved an additional opportunity to be heard after the IJ's hearing, and that, by issuing a written decision instead of holding further proceedings, the IJ denied Larrea an opportunity to be heard and to apply for additional forms of relief. "To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009) (internal quotation marks omitted). The record in this case establishes that Larrea was afforded ample opportunity to present affirmative and rebuttal evidence to the IJ. And his counsel conceded that Larrea only sought adjustment of status, even when the IJ warned Larrea that he was probably not eligible for this form of relief. Accordingly, he has not demonstrated a due-process violation.

For these reasons, we conclude that the BIA correctly determined Larrea's

9

removability and denied adjustment of status; therefore, we dismiss his petition in part and deny it in part.

**PETITION DISMISSED IN PART and DENIED IN PART.**