**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 12-60047
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2012

Lyle W. Cayce
Clerk

JACKLINE MORAA MONYENYE,

Petitioner,

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 184 743

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jackline Moraa Monyenye, a native and citizen of Kenya, has filed a timely petition for review from the Board of Immigration Appeals' (BIA) denial of her motion for reconsideration. *See* 8 U.S.C. § 1252(b)(1). Monyenye did not file a petition for review of the BIA's decision on her appeal of the Immigration Judge's (IJ) denial of her motion to continue removal proceedings pending an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal of the revocation of an I-130 petition filed on her behalf.  Accordingly, we lack jurisdiction to review that decision.  *See Stone v. INS*, 514 U.S. 386, 405 (1995).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority."  8 C.F.R. § 1003.2(b)(1).  "The decision to grant or deny a motion to reopen or reconsider is within the discretion of the [BIA] . . . ." § 1003.2(a).  This court reviews the denial of a motion to reconsider under a "highly deferential abuse-of-discretion standard."  *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

Monyenye contends that the BIA made an error of fact in relying on the IJ's finding of "faulty facts" regarding the reason the second I-130 petition was revoked.  She contends that the I-130 petition was revoked because Moore did not respond to the notice of intent to revoke and not because of the United States Citizenship and Immigration Services' (USCIS) concerns about the bona fides of her marriage, as found by the IJ.  This argument is belied by the record, and thus Monyenye failed to demonstrate any factual error by the BIA.  *See* § 1003.2(b)(1).

She contends that the BIA failed to follow its precedential decisions regarding fraudulent marriages issued in *Matter of Agdinaoay*, 16 I. & N. Dec. 545, 547 (BIA 1978), and *Matter of Tawfik*, 20 I. & N. Dec. 166, 167 (BIA 1990). However, neither case concerned the issue involved in Monyenye's case—whether the BIA erred in affirming the IJ's denial of a continuance of removal proceedings pending the resolution of an appeal from the revocation of an I-130 petition.  Because the cases are inapplicable, Monyenye has not shown that the BIA erred by failing to follow *Agdinaoay* and *Tawfik* in deciding her appeal.

Monyenye asserts that the BIA misapplied *Matter of Hashmi*, 24 I. & N. Dec. 785 (BIA 2009), in deciding her appeal and "failed to consider that the fact that the issue of whether the underlying visa petition is prima facie approvable

is not applicable to this case." Monyenye did not cite to pertinent authority to support her assertion of legal error by the BIA in its prior decision, as required by 8 C.F.R. § 1003.2(b)(1), and has not done so in her petition for review. Moreover, the revocation of the second I-130 petition was "effective as of the date of [its] approval," 8 U.S.C. § 1155, which was April 17, 2007. Thus, when Monyenye filed her application for adjustment of status in July 2007, and when she moved for a continuance in July 2009, she did not have a pending I-130 petition, making her statutorily ineligible for adjustment of status. *See* 8 U.S.C. § 1255(a).

As she did in her motion for reconsideration, Monyenye asserts that the procedural requirement that an appeal of the revocation of an I-130 petition be filed with the USCIS, and not directly with the BIA, violated her right to due process. However, Monyenye cited no authority in her motion or in her petition for review for the proposition that she has either a freestanding substantive due process right or a procedural due process right to the adjudication of the appeal of the revocation of the I-130 petition filed by her citizen-husband. Monyenye has shown no abuse of discretion in the BIA's denial of her motion for reconsideration. *See Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005). The petition for review is denied in part.

For the first time in her petition for review, Monyenye asserts that the BIA and IJ legally erred by looking beyond the reasons for revocation stated in the notice of revocation to the reasons stated in the notice of intent to revoke. She asserts, also for the first time in her petition for review, that the IJ's denial of her motion for a continuance violated her right to due process. Because Monyenye failed to exhaust these issues by presenting them to the BIA, we lack jurisdiction to address them. *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). The petition for review is dismissed in part as to these issues.

PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.