MATTER OF CABELIZA

In Visa Petition Proceedings

A-11411984

*Decided by Board September 15, 1966*

In view of the unrestricted language of section 204(c), Immigration and Nationality Act, as amended, barring approval of a subsequent visa petition on behalf of an alien previously accorded nonquota or preference status by reason of a marriage entered into for the purpose of evading the immigration laws, a visa petition filed by a U.S. citizen father to accord preference quota status to his daughter who was previously accorded nonquota status on the basis of a sham marriage must be denied.

The case comes forward on appeal from the order of the District Director, San Francisco District, dated April 27, 1966 denying the visa petition for the reason that the beneficiary has previously been accorded a nonquota status as the spouse of a citizen of the United States by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws.

The petitioner, a native of the Philippines, a naturalized citizen of the United States, 72 years old, male, seeks preference quota status on behalf of his married daughter, a native and citizen of the Philippines, 36 years old.

The decision of the District Director sets forth that the basis for the denial is section 204(c) of the Immigration and Nationality Act which provides that no petition shall be approved if the alien has previously been accorded nonquota or preference status as the spouse of a United States citizen by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws. By order dated July 27, 1966 we remanded the case for the purpose of including in the record an order of September 17, 1962 revoking the prior grant of status as a permanent resident pursuant to section 246 of the Immigration and Nationality Act.

The order of September 17, 1962, now contained in the file, discloses that the subject-beneficiary entered the United States as a nonimmigrant on June 19, 1957 and was married to Alfredo Cabeliza a citizen of the Republic of the Philippines on December 5, 1959 by whom she had two children, born July 4, 1960 and August 14, 1961 in California. While still married to Alfredo she married Mariano Cordero Cabeliza on September 9, 1960 and on November 6, 1960, upon a basis of this second marriage, her status was adjusted to that of a permanent resident. It was determined that this second marriage was not only an invalid marriage because of the existence of her prior marriage but was a sham marriage entered into for the purpose of enabling the subject to adjust her immigration status. She was convicted upon a plea of guilty on May 1, 1962 in the Northern District Court of Sacramento, California of the offense of violation of 18 U.S.C. 371 conspiracy to violate 18 U.S.C. 1546, as a result which she received a suspended sentence and was placed on probation for a period of three years from May 25, 1962. The District Director in his order of September 17, 1962 ordered that the adjustment of status granted the subject on November 6, 1960 be rescinded pursuant to section 246(a) of the Immigration and Nationality Act.

Thereafter the respondent was placed under deportation proceedings. By order dated March 15, 1963 a special inquiry officer ordered her deported to the Republic of the Philippines upon a "remained longer" charge under section 241(a)(2) of the Immigration and Nationality Act. No appeal was taken from this order and the order of deportation was executed on October 6, 1963.

Section 204(c) of the Immigration and Nationality Act, as amended, provides that no petition shall be approved if the alien has previously been accorded nonquota or preference status as the spouse of a citizen of the United States or a lawfully admitted permanent resident by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws. The beneficiary in this case had previously been accorded nonquota status as a spouse of a United States citizen by reason of a sham marriage entered into for the purpose of evading the immigration law. The petitioner, a naturalized citizen of the United States, who is the father of the beneficiary, now seeks preference quota status on her behalf. However the language of section 204(c) is unrestricted. It is not limited to new "spouse" petitions but bars approval of subsequent visa petitions if the alien has previously been accorded nonquota or preference status by rea-

son of a sham marriage entered into for the purpose of evading the immigration laws. The provisions of section 204(c) are mandatory and do not permit the exercise of any discretion. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.