## MATTER OF LA GROTTA

### In Visa Petition Proceedings

#### A-10082332

*Decided by Board February 28, 1972*

In view of the provisions of section 204(c) of the Immigration and Nationality Act, as amended, barring approval of a subsequent visa petition on behalf of an alien previously accorded nonquota status as the spouse of a citizen of the United States by reason of a marriage entered into for the purpose of evading the immigration laws, approval of a visa petition by a U.S. citizen mother to accord her unmarried son preference classification under section 203(a)(1) of the Act is revoked because precluded by statute where the son was deported from the United States in 1956 under section 241(c) of the Act by reason of his fraudulent marriage to a U.S. citizen to evade the immigration laws. [*Matter of Cabeliza*, 11 I. & N. Dec. 812, adhered to.]

ON BEHALF OF PETITIONER:
  Edward L. Dubroff, Esquire
  50 Court Street
  Brooklyn, New York 11201
  (Brief filed)

ON BEHALF OF SERVICE:
  R. A. Vielhaber
  Appellate Trial Attorney

On July 22, 1969, a visa petition to accord the beneficiary status as the unmarried son of a citizen of the United States pursuant to section 203(a)(1) of the Immigration and Nationality Act was approved by the District Director. Under authority of section 205 of the Act, approval of the visa petition was revoked under the provisions of section 204(c) of the Act because the beneficiary had previously beeen accorded a nonquota or preference status as the spouse of a citizen of the United States by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws. The petitioner was given notice of the intention to revoke but failed to submit evidence to refute the factors upon which the proposed revocation was based. This is an appeal from the decision of the District Director revoking the approval of the petition. We affirm the decision and the appeal will be dismissed.

The petitioner, a widow, was born in Naples, Italy on July 8, 1909 and has been a naturalized citizen of the United States since

August 28, 1967. The beneficiary, a 41-year-old alien and native and citizen of Italy, is the unmarried son of the petitioner. He was found deportable on April 11, 1956 on the basis of the provisions of section 241(c) of the Act which provide that an alien is deportable as having procured a visa by fraud within the meaning of section 212(a)(19), and to be in the United States in violation of section 241(a)(2) of the Act, if such alien obtains entry into the United States with a visa procured on the basis of a marriage entered into less than two years prior to such entry of the alien and which marriage was judicially annulled or terminated within two years subsequent to such entry; or if it appears to the satisfaction of the Attorney General that he has failed or refused to fulfill his marital agreement which in the opinion of the Attorney General was made for the purpose of procuring his entry as an immigrant. He was granted the privilege of voluntary departure. No appeal was taken and this decision became final. He departed voluntarily from the United States on May 5, 1956.

On appeal, counsel for petitioner raises three points of contention. The first point is that the notice given to the petitioner of the Service's intention to revoke the approval of the visa petition was inadequate because it failed to set forth the underlying facts on which the proposed revocation was based, depriving the petitioner of the opportunity to fully meet the issue she was called upon to rebut. The second point is that in the deportation proceedings held by the special inquiry officer on April 11, 1956 there was insufficient evidence to support a finding that the beneficiary's marriage had been entered into for the purpose of evading the immigration laws. The third point is that section 204(c) of the Act does not preclude the subsequent filing of a visa petition under section 203(a)(1) of the Act. The contentions raised are without merit.

Although not specifically reciting the underlying facts, the notice of intention to revoke clearly sets forth the basis for the contemplated revocation and spells out the finding of the special inquiry officer on April 11, 1956 that the beneficiary married a citizen of the United States for the purpose of procuring his entry as an immigrant and evading the immigration laws. The petitioner and beneficiary's brother-in-law submitted affidavits. Accompanying both affidavits, the petitioner submitted a letter requesting a hearing in order to present evidence to prove that the ground for the marriage being annulled was not fraud. Our examination of the affidavits and letter from the petitioner persuades us that the petitioner was aware of the basis on which the proposed revocation was predicated and failed to submit sufficient evidence to rebut the basis for such proposed revocation.

A collateral attack on a prior deportation proceeding cannot be

made unless there was a gross miscarriage of justice, *Palma* v. *INS*, 318 F.2d 645 (C.A. 6, 1963). Here the deportation order has been final since April of 1956, a period of over 15 years. It is true that the transcript was not certified until July 16, 1971, but there is no evidence that the beneficiary has been prejudiced thereby. The annulment decree of the Supreme Court of the State of New York County of Bronx, dated October 7, 1955, shows that the annulment was granted based on the beneficiary's deceit, having entered into the marriage without intending to go through a religious ceremony as promised. Further, the evidence in this record shows that the beneficiary entered the United States with an immigrant visa procured on the basis of a marriage entered into less than two years prior to such entry and which, within two years subsequent to such entry into the United States, was judicially annulled. This established a *prima facie* case of deportability under section 241(c) of the Act and cast a heavy burden upon him to establish to the satisfaction of the Attorney General that. his marriage was not contracted for the purpose of evading any provisions of the immigration laws, *Todaro* v. *Peterson*, 205 F. Supp. 612 (N.D. Ohio, 1961), 305 F.2d 377 (C.A. 6, 1962), cert. denied 371 U.S. 891. We are convinced that there is substantial evidence in this record to support the special inquiry officer's conclusion in 1956 that the marriage was entered into for the purpose of evading the immigration laws. There is no evidence of any deprivation of due process or any gross miscarriage of justice to warrant a collateral attack on the deportation order issued in 1956.

Section 204(c) of the Act provides that no petition shall be approved if the alien has previously been accorded nonquota or preference status as the spouse of a citizen of the United States or a lawfully admitted permanent resident by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws. Counsel requests that we overrule *Matter of Cabeliza*, 11 I. & N. Dec. 812 (BIA, 1966), in which we held that the language of section 204(c) is unrestricted and that it is not limited to new "spouse" petitions but bars approval of all subsequent visa petitions. We will adhere to the holding in that case. The provisions of section 204(c) are mandatory and do not permit the exercise of discretion. Therefore, approval of the petition on behalf of the beneficiary is barred by statute.

Accordingly, in view of the foregoing, we find no reason to reverse the special inquiry officer's decision. The following order will be entered.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.