# MATTER OF TAWFIK

## In Visa Petition Revocation Proceedings

### A-26653077

*Decided by Board February 28, 1990*

(1) In making a determination that a beneficiary's prior marriage comes within the purview of section 204(c) of the Immigration and Nationality Act, 8 U.S.C. § 1154(c) (1988), as a marriage entered into for the purpose of evading the immigration laws, the district director should not give conclusive effect to determinations made in prior proceedings, but, rather, should reach an independent conclusion based on the evidence of record, although any relevant evidence may be relied upon, including evidence having its origin in prior Service proceedings involving the beneficiary or in court proceedings involving the prior marriage.

(2) A decision to revoke approval of a visa petition because the beneficiary entered into a prior marriage for the primary purpose of obtaining immigration benefits can only be sustained if there is substantial and probative evidence in the alien's file to the effect that the prior marriage was entered into for such purpose, and, where the district director concluded that there was evidence in the record from which it could "reasonably be inferred" that a marriage had been entered into for the primary purpose of obtaining immigration benefits, the substantial and probative evidence, requisite to the revocation of a subsequently approved visa petition, was not presented.

ON BEHALF OF PETITIONER:
Milton A. DeJesus, Esquire
P.O. Box 22634
Little Rock, Arkansas 72221

ON BEHALF OF SERVICE:
Harris L. Leatherwood
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b) (1982). The petition was approved on September 14, 1987. In a decision dated July 25, 1989, the district director revoked approval of the petition on the ground that the beneficiary had previously attempted to be accorded immediate relative status as the spouse of a United States citizen by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws. The

petitioner has appealed.[1] The appeal will be sustained and approval of the visa petition will be reinstated. The petitioner's request for oral argument is denied. *See* 8 C.F.R. § 3.1(e) (1989).

The beneficiary, a 44-year-old native and citizen of Egypt, married the petitioner in 1987. The record reflects that this was his third marriage, and his second marriage to a United States citizen.

In the instant proceedings, the district director revoked the beneficiary's approved visa petition, filed on his behalf by the petitioner. Under section 205 of the Act, 8 U.S.C. § 1155 (1982), the Attorney General may revoke the approval of any visa petition approved by him for what he deems to be "good and sufficient cause." A notice of intention to revoke a visa petition is properly issued for "good and sufficient cause" when the evidence of record at the time of issuance, if unexplained and unrebutted, would warrant a denial of the visa petition based upon the petitioner's failure to meet his burden of proof. However, where a notice of intention to revoke is based upon an unsupported statement, revocation of the visa petition cannot be sustained. *Matter of Arias*, 19 I&N Dec. 568 (BIA 1988); *Matter of Estime*, 19 I&N Dec. 450 (BIA 1987).

The notice of intention to revoke the visa petition at issue here, dated September 8, 1988, was issued based on the premise that the beneficiary had previously "engaged in and sought status through a marriage that was determined to have been entered into for the purpose of evading immigration laws."

Section 204(c) of the Act, 8 U.S.C. § 1154(c) (1988), prohibits the approval of a visa petition filed on behalf of an alien who has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws. Accordingly, the district director must deny any subsequent visa petition for immigrant classification filed on behalf of such alien, regardless of whether the alien received a benefit through the attempt or conspiracy. As a basis for the denial it is not necessary that the alien have been convicted of, or even prosecuted for, the attempt or conspiracy. However, the evidence of such attempt or conspiracy must be documented in the alien's file and must be substantial and probative. *Matter of Kahy*, 19 I&N Dec. 803 (BIA 1988); *Matter of Agdinaoay*, 16 I&N Dec. 545 (BIA 1978); *Matter of La Grotta*, 14 I&N Dec. 110 (BIA 1972); 8 C.F.R. § 204.1(a)(2)(iv) (1989).

---

[1] The Immigration and Naturalization Service has requested that this appeal be dismissed based on the fact that the beneficiary's name, along with that of the petitioner, appears on the Notice of Appeal to the Board of Immigration Appeals (Form I-290A). That request will be denied. An appeal creating Board jurisdiction to review this case on the merits has been filed by the petitioner. *See Matter of Sano*, 19 I&N Dec. 299 (BIA 1985).

Neither section 204(c) of the Act nor the regulations specify who may make the Attorney General's decision in such matters and at what point it is to be made. However, we have held that the determination is to be made on behalf of the Attorney General by the district director in the course of his adjudication of the subsequent visa petition. *Matter of Samsen,* 15 I&N Dec. 28 (BIA 1974).

In making that adjudication, the district director may rely on any relevant evidence, including evidence having its origin in prior Service proceedings involving the beneficiary, or in court proceedings involving the prior marriage. Ordinarily, the district director should not give conclusive effect to determinations made in a prior proceeding, but, rather, should reach his own independent conclusion based on the evidence before him. *See Matter of F-,* 9 I&N Dec. 684 (BIA 1962). However, for example, in a case where the beneficiary has previously been found deportable based on a determination, supported by clear, unequivocal, and convincing evidence, that that beneficiary became a party to a fraudulent marriage for the purpose of entering the United States as an immigrant, it would be appropriate for the district director to rely on that finding of deportability in a determination that the beneficiary would be precluded by section 204(c) of the Act from obtaining an immigration benefit by virtue of a subsequent marriage. *Matter of Agdinaoay, supra.*

In this case, the district director noted that the evidence showing that the beneficiary had entered into a marriage for the purpose of evading the immigration laws had been "sufficient to warrant the denial of the petition" filed by the beneficiary's former United States citizen spouse, and, on that basis, the previously approved visa petition, filed by the beneficiary's current United States citizen spouse, was revoked on July 25, 1989. It is to be noted, however, that in the determination of the first visa petition submitted on behalf of the beneficiary, it was not found that the beneficiary had attempted or conspired to enter into a marriage for the purpose of evading the immigration laws. Rather, the district director involved in the determination of that petition noted that the record contained evidence, which had not been rebutted, "from which it [could] reasonably be inferred" that the beneficiary entered into a marriage for the primary purpose of obtaining immigration benefits. Such a reasonable inference does not rise to the level of substantial and probative evidence requisite to the preclusion of approval of a visa petition in accordance with section 204(c) of the Act.

Since, with respect to the first visa petition submitted on behalf of the respondent, there was no affirmative finding that the marriage was entered into for the purpose of evading the immigration laws, resolution of whether the visa petition revocation can be sustained will

depend on a determination of whether there is, at present, sufficient evidence, inclusive of evidence relied upon in the determination of the first visa petition, to support the contention that the beneficiary's previous marriage to a United States citizen was entered into for purposes of evading the immigration laws.

The beneficiary's first marriage to a United States citizen took place in 1985. The Petition to Classify Status of Alien Relative for Issuance of Immigrant Visa (Form I-130) filed on behalf of the beneficiary by his first United States citizen wife was denied by the district director on January 30, 1987, based on the finding that the marriage was entered into for the primary purpose of obtaining immigration benefits for the beneficiary. The basis for the finding was the fact that the petitioner and beneficiary lived in different cities at the time of the denial, and on the conclusion that, at the same time, the beneficiary was living with his first wife, a citizen of Egypt. No evidence beyond these conclusions is contained in the record.

We note that while the petition filed by the beneficiary's first United States citizen wife was still pending before the district director, the beneficiary divorced that wife, without knowledge as to what the outcome of the petition might be. The divorce decree, entered on December 17, 1986, 1 1/2 months prior to the denial of the petition, provides that the beneficiary and his wife "were a married couple and lived together as husband and wife until August 1986 and since then have lived separate and apart." The mere fact that, at the time of the visa petition denial, the petitioner was living separate from the beneficiary is not evidence of an attempt or conspiracy on the beneficiary's part to enter into a marriage for the purpose of evading the immigration laws. Quite to the contrary, his divorce, prior to a decision on the petition which may have been to his favor, tends to reflect the bona fide nature of the marriage that he chose to terminate. Further, the district director offered no evidence to support his conclusion that the petitioner never lived with the beneficiary. With respect to the concern that, during the course of the marriage of the beneficiary and his first United States citizen wife, the beneficiary was living with his former wife, we note that, according to the information contained in the divorce decree of the beneficiary and his first United States citizen wife, their separation occurred 4 months prior to their divorce and 5 months prior to the denial of the petition submitted on the beneficiary's behalf. Therefore, the conclusion of the district director that the beneficiary was living with his former wife at the time of the denial, a conclusion also unsupported by documentary evidence, is, of itself, of no relevance to the issue of whether the beneficiary

entered into the marriage with his first United States citizen wife in an attempt to evade the immigration laws.[2]

In order to sustain the district director's revocation of the visa petition at issue here, it would be necessary to show that approval of that visa petition was precluded by section 204(c) of the Act, which bars approval of a visa petition for the benefit of an alien who has attempted to enter into a marriage for the purpose of evading the immigration laws. If that were the case, the previously approved visa petition would have been revoked for "good and sufficient cause." *Matter of Arias, supra; Matter of Estime, supra.* However, the language of the Code of Federal Regulations is clear that in order to find that an alien has attempted to enter into a marriage for the purpose of evading the immigration laws, the evidence of such an attempt must be documented in the alien's file. 8 C.F.R. § 204.1(a)(2)(iv) (1989); *Matter of Kahy, supra.* No such documentation is contained in the record before us, and, therefore, there is no basis to support the district director's conclusion that the beneficiary's prior marriage to a United States citizen was entered into for the purpose of evading the immigration laws. Since the beneficiary's prior marriage provided the sole basis for the revocation of his approved visa petition and there is no substantial and probative evidentiary basis for a finding that that marriage was entered into for the purpose of evading the immigration laws, the revocation of the previously approved visa petition cannot be sustained. Accordingly, the petitioner's appeal will be sustained, and the district director's decision will be reversed.

**ORDER:** The appeal is sustained, and the approval of the visa petition is reinstated.

---

[2]On appeal, the petitioner herein, who has since had a child with the beneficiary, notes that prior to the termination of the beneficiary's marriage to his first United States citizen wife, the beneficiary's former wife and a child of that marriage, both natives and citizens of Egypt, were staying with him in order for the child to obtain medical treatment in the United States.