

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2005

# Cruz v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2936

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Cruz v. Atty Gen USA" (2005). *2005 Decisions.* Paper 981.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/981

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 04-2936

—————

LEONOR CRUZ,
Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
Respondent

—————

On Petition for Review of a Decision
of the Board of Immigration Appeals
(BIA No. A75-847-885)

—————

Submitted under Third Circuit LAR 34.1(a)
June 2, 2005

BEFORE:  FUENTES, GREENBERG, and COWEN, Circuit Judges

(Filed: June 21, 2005)

—————

OPINION OF THE COURT

—————

GREENBERG, Circuit Judge.

This matter comes on before this court on a petition for review of a decision and

order of the Board of Immigration Appeals (hereinafter "BIA") entered on June 10, 2004,

affirming a decision and order of an immigration judge of July 20, 2001, denying petitioner Leonor Cruz ("Cruz") an adjustment of her status because she sought to obtain the adjustment by fraud or misrepresentation of a material fact in violation of section 212(a)(6)(c)(i) of the Immigration and Nationality Act (hereinafter "INA"), 8 U.S.C. § 1182(a)(6)(c)(i). The INS charged that Cruz committed fraud when she contended that she was entitled to an adjustment of her status on the basis of a fraudulent marriage to Edwin Cruz, a United States citizen, that she entered into on March 7, 1997. Cruz sought the adjustment because she was in this country illegally as she had overstayed the period her visitor's visa authorized for her presence here. But if she was guilty of fraud in seeking the adjustment then she is subject to removal and would not be entitled to the adjustment. See INA § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A). The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3) and we have jurisdiction under INA § 242(a)(1), 8 U.S.C. § 1252(a)(1). Inasmuch as the BIA summarily affirmed the immigration judge's order, we, in fact, are reviewing the judge's order. See Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc).

In view of the circumstance that there is no doubt that Cruz married Edwin Cruz at a time when there were no legal impediments barring their marriage so that, as far as appears, in a formal sense their marriage was valid, the government had the burden of proof to demonstrate that the marriage, in fact, was fraudulent, a burden it met. See Matter of Tawfik, 20 I & N Dec. 166, 170 (BIA 1990). At this time we review the

2

immigration judge's decision and order to determine if it was supported by substantial evidence. See INS v. Elias-Zacarias, 502 U.S. 478, 481 & n.1., 112 S.Ct. 812, 815 & n.1 (1992); Rodriguez v. INS, 204 F.3d 25, 27 (1st Cir. 2000). Cruz challenges the decision and order, contending that the government did not meet its burden of proof with substantial and probative evidence that the marriage was fraudulent.

Cruz raises a second issue, charging that the immigration judge relied on hearsay in making his determination that the government had met its burden of proof to establish that she had entered into her marriage fraudulently for the purpose of evading the immigration laws. According to Cruz, this reliance denied her due process of law. She explains her factual predicate for this argument as follows: "the Immigration Judge primarily based his finding that Leonor Cruz's marriage to Edwin Cruz was a fraud from its inception on the hearsay testimony of [District Adjudication Officer Christina] Gurko regarding verbal statements allegedly made in English by Edwin Cruz to her during his February 2000 interrogation." Petitioner's br. at 8-9. The parties advise us that this testimony recounted Edwin Cruz's statement at the type of hearing or interview to which Stokes v. INS, 393 F. Supp. 24 (S.D.N.Y. 1975), refers prior to the hearing before the immigration judge. At this Stokes hearing Edwin Cruz indicated that he married Cruz for the sole purpose of permitting her to receive a green card facilitating her stay in the United States. The respondent concedes that we review this issue de novo.

We consider the hearsay evidence question first. There is no doubt but that the

3

Federal Rules of Evidence do not apply in immigration removal proceedings. Nevertheless, evidence cannot be admitted unless it is probative and unless its use is fundamentally fair so that its admission does not deprive the alien of due process of law. Ezeagwuna v. Ashcroft, 325 F.3d 396, 405-06 (3d Cir. 2003). Of course, we have recognized that hearsay generally is inadmissible because the statement is not trustworthy. United States v. Reilly, 33 F.3d 1396, 1409 (3d Cir. 1994). Thus, in some cases the use of hearsay could be fundamentally unfair.

In this case, however, the hearsay evidence surely was probative as it went to the heart of the case. Moreover, we see no reason to doubt its reliability. After all, Edwin Cruz was admitting to wrongful conduct when he gave his statement challenging the bona fides of his marriage and the circumstances surrounding the giving of the statement suggest it was accurate. Furthermore, inasmuch as Edwin Cruz is a United States citizen he was not and is not subject to removal and thus it could not be contended reasonably that he gave his statement to seek favorable treatment from the INS. Moreover, he was present at the hearing before the immigration judge and available to testify and he, in fact, did so. Thus, the immigration judge could and did ascertain the legitimacy of his earlier statements to Gurka. Clearly, there was nothing fundamentally unfair in the use of Gurka's evidence regarding Edwin Cruz's statement.

On the merits of the case we see no reason to disturb the determination of the immigration judge. We do comment, however, on one point. In her brief, Cruz claims

4

that "the Immigration judge effectively shifted the burden of proof from the government onto Ms. Cruz." Petitioner's br. at 10. This statement is simply not correct. Rather, the judge analyzed all of the evidence and concluded, quite reasonably, "that the Government has met its burden." App. at 16. At bottom, this is a classic fact-based fraudulent marriage case which was adjudicated in a manner completely fair to Cruz and in which we cannot under our standard of review disturb the result.

The petition for review of the order and decision of the BIA entered June 10, 2004, will be denied.