17-883-cv
Singh v. BIA

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

SUKHWINDER SINGH,

　　　　　*Plaintiff-Appellant,*

　　v.　　　　　　　　　　　　　　　　　　　No. 17-883-cv

BOARD OF IMMIGRATION APPEALS, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**,**

　　　　　*Defendants-Appellees.*

_____

For *Plaintiff-Appellant*:　　　　MICHAEL E. PISTON, New York, NY.

For *Defendants-Appellees*:　　　BRANDON M. WATERMAN, Assistant United States Attorney, (Christopher Connolly, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Sukhwinder Singh appeals the district court's grant of summary judgment in favor of the Government in her challenge to the U.S. Citizenship and Immigration Services' ("USCIS") denial of the Petition for Alien Relative that she filed on behalf of her husband Balbir Singh. We assume the parties' familiarity with the underlying facts and procedural history of this case.

"On appeal from a grant of summary judgment involving a claim brought under the Administrative Procedure Act, we review the administrative record *de novo* without according deference to the decision of the district court." *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007). A court must hold unlawful and set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Moreover, despite the *de novo* standard of review, we must afford "[a]ppropriate deference" to the agency's decisions "in light of the widespread fraud associated with immediate-relative petitions." *Egan v. Weiss,* 119 F.3d 106, 107 (2d Cir. 1997).

The agency may not approve any visa petition for a beneficiary who previously sought status through "a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c). The finding of a fraudulent marriage must be supported by "substantial and probative" evidence "documented in the alien's file." *Matter of Tawfik*, 20 I&N Dec. 166, 167 (BIA 1990). The evidence must do more than create a reasonable inference of fraud, for "a reasonable inference does not rise to the level of substantial and probative evidence." *Id*. at 168. If the agency determines that substantial and probative evidence of fraud exists, then "the burden shifts to the petitioner to establish that the beneficiary did not seek nonquota or preference status based on a prior fraudulent marriage." *Matter of Kahy*, 19 I&N Dec. 803, 806–07 (BIA 1988). "The central question is whether the bride and groom intended to establish a life together at the time they were married." *Matter of Soriano*, 19 I&N Dec. 764, 765 (BIA 1988). The following types of evidence are "particularly significant" in evaluating the good faith of a marriage: "contradictions in the petitioner's statement regarding the living arrangements of the parties," "inconsistencies between the statements of the petitioner and the beneficiary," and "proof that the beneficiary has been listed as the petitioner's spouse on any insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence and experiences." *Matter of Phillis*, 15 I&N Dec. 385, 386–87 (BIA 1975); *Matter of Soriano*, 19 I&N Dec. at 766.

The agency's decision is supported by substantial and probative evidence.

The agency identified numerous inconsistencies between the statements of Balbir and his prior wife, Doris, including, but not limited to, their living arrangements. *See Matter of Phillis*, 15 I&N Dec. at 386–87. For example, Doris and Balbir claimed to have lived together in a studio in Brighton Beach, but the lease for that address that was included in the documentary evidence was only in Balbir's name, and only later was Doris's name handwritten into the lease renewal at Doris's request. The agency found no other evidence that Doris and Balbir cohabited there or otherwise shared rental responsibilities. The agency also interviewed individuals who reported that Doris was living with Anthony Robinson during the same period and that Doris and Anthony held themselves out as common-law husband and wife. Balbir was unfamiliar with Doris's work history during the time that they purportedly lived together: he did not know her schedule and stated, contrary to Doris, that she did not work. Doris said that she and Balbir dated for several weeks before deciding to get married; Balbir testified that they decided to get married within a matter of days. Doris was unable to answer basic questions about Balbir's life and family. Finally, the agency found no documentary evidence of joint finances or shared resources, and the various bills submitted were all in only one of their names. The numerous contradictions and lack of documentary evidence constitute substantial and probative evidence to support the agency's finding that Doris and Balbir were married to evade immigration laws. *See Matter of Tawfik*, 20 I&N Dec. at 167; *Matter of Phillis*, 15 I&N Dec. at 386–87.

Having established substantial and probative evidence of fraud, the burden

4

shifted to Sukhwinder to rebut that evidence of fraud with evidence that Balbir's prior marriage was bona fide. *See Matter of Kahy*, 19 I&N Dec. at 806–07. Sukhwinder argues primarily that the agency applied the wrong legal standard: she contends that the agency based its denial on a mere inference of fraud rather than substantial and probative evidence of it. But her argument is simply not borne out by the record. As discussed above, the agency relied on a wealth of inconsistencies, and a conspicuous lack of documentary evidence, to find that the marriage was not bona fide. This is not a situation like in *Matter of Tawfik* where the agency relied on inferences that were not part of the documentary record—here, the documentary record is rife with the contradictions that support the agency's conclusion. 20 I&N Dec. at 169–70. There is no basis for finding, as Sukhwinder argues, that the agency's decision was an abuse of discretion solely because it used the word "inference" in making its conclusion. *See Wu Lin v. Lynch*, 813 F.3d 122, 129 (2d Cir. 2016) (warning against "rejecting the BIA's ruling merely because the BIA used the wrong terminology").

Sukhwinder also argues that the agency erred by giving too much weight to the inconsistencies and in giving insufficient weight to the affidavits from Balbir's friends attesting to the relationship between Doris and Balbir. But the agency has significant discretion over the weight to be afforded to the evidence before it, and the probative value it assigned does not rise to the level of an abuse of discretion, particularly in light of the deference we afford in the context of marriage fraud. *Egan,* 119 F.3d at 107; *cf. Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d

5

Cir. 2006) (holding that the weight afforded to an applicant's evidence in removal proceedings "lies largely within the discretion of the IJ" (internal quotation marks and brackets omitted)).   For the same reason, Sukhwinder's claim that the agency abused its discretion by "ignoring" her arguments is unavailing: the agency did not ignore any of her arguments so much as attribute diminished weight to them.   *Cf.* *Xiao Ji Chen*, 471 F.3d at 341 (holding that agency is not required to "enumerate and evaluate on the record each piece of evidence, item by item").

We have considered the remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
