Joseph F. Risoli, P.E., LLC v. Nielsen

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand eighteen.

PRESENT:
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges,*
> JOHN G. KOELTL,[*]
> > *District Judge.*

---

Joseph F. Risoli, P.E., LLC, Jose Navarrete Villaluz,

> *Plaintiffs-Appellants*,

> **v.**  17-1052

Kirstjen M. Nielsen, Secretary of the Department of Homeland Security ("DHS"), Jefferson B. Sessions III, United States Attorney General, Lee Francis Cissna, Director, United States Citizenship and Immigration Services ("USCIS"), Gregory A. Richardson, Director, USCIS Texas Service Center,

> *Defendants-Appellees.[**]*

---

[*] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the caption as above.

| FOR PLAINTIFFS-APPELLANTS: | JON E. JESSEN, Law Offices of Jon E. Jessen, LLC, Stamford, CT. |
|---|---|
| FOR DEFENDANTS-APPELLEES: | CAROLYN A. IKARI, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Joseph F. Risoli, P.E., LLC ("Risoli"), an engineering firm, and Jose Navarrete Villaluz ("Villaluz"), a citizen of the Philippines and an employee of Risoli, appeal the district court's grant of summary judgment in favor of the Government in their challenge of the U.S. Citizenship and Immigration Services' ("USCIS") denial of Risoli's Petition for Alien Worker filed on Villaluz's behalf. USCIS found Villaluz ineligible for a visa based on evidence that Villaluz had previously entered into a marriage with Maria Princesita Cortez Osmena ("Osmena") for purposes of evading immigration laws. We assume the parties' familiarity with the underlying facts and procedural history of this case.

"On appeal from a grant of summary judgment involving a claim brought under the Administrative Procedure Act, we review the administrative record *de novo* without according deference to the decision of the district court." *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007). A court must "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "The scope

of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). We must afford "[a]ppropriate deference" to the agency's "decisions in light of the widespread fraud associated with immediate-relative petitions." *Egan v. Weiss*, 119 F.3d 106, 107 (2d Cir. 1997) (per curiam) (internal quotation marks omitted).

The agency may not approve any visa petition for a beneficiary who previously sought lawful status through "a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c). The finding of a fraudulent marriage must be supported by "substantial and probative" evidence "documented in the alien's file." *Matter of Tawfik*, 20 I. & N. Dec. 166, 167 (B.I.A. 1990); *see* 8 C.F.R § 204.2(a)(1)(ii). "The central question is whether the [couple] intended to establish a life together at the time they were married." *Matter of Soriano*, 19 I. & N. Dec. 764, 765 (B.I.A. 1988). If the agency determines that substantial and probative evidence of fraud exists, then "the burden shifts to the petitioner to establish that the beneficiary did not seek . . . status based on a prior fraudulent marriage." *Matter of Kahy*, 19 I. & N. Dec. 803, 806-07 (B.I.A. 1988).

Substantial and probative evidence supports the agency's conclusion that Villaluz's marriage to Osmena was entered fraudulently to obtain immigration benefits. The agency reasonably relied on the following. Osmena wrote two letters withdrawing her marriage-based visa petitions and stating that Villaluz had married her for immigration purposes. Although she later disavowed the first letter, she did not retract the second one. Villaluz provided three different dates for when he moved in with Osmena after their marriage (stating variously it was in June 2001, August 2001, and April 2002). Villaluz submitted letters from his aunt and Osmena's

3

friend stating, in contrast to the dates he provided, that Villaluz had begun living with Osmena in May 2002. Villaluz said that he had never attended a court hearing in the annulment proceedings for his first marriage in the Philippines, contrary to an undated and incomplete decision he submitted from that proceeding stating that he had testified in court. Osmena's letters and Villauluz's inconsistencies together provided substantial and probative evidence to support the agency's conclusions. *See Matter of Phillis*, 15 I. & N. Dec. 385, 387 (B.I.A. 1975) (recognizing that inconsistent statements about a couple's living arrangements are particularly significant evidence of a fraudulent marriage); *see also Matter of Tawfik*, 20 I. & N. Dec. at 168 (providing that "the district director may rely on any relevant evidence" to determine if a prior marriage was fraudulent).

Because the agency identified substantial and probative evidence of marriage fraud, the burden shifted to Villaluz to rebut that evidence with evidence that his marriage to Osmena was bona fide. *See Matter of Kahy*, 19 I. & N. Dec. at 806-07. "Evidence to establish that [a] marriage was not entered into for the purpose of evading the immigration laws may take many forms, including, but not limited to, 'proof that the beneficiary [of the visa petition] has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts, and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences.'" *In re Riero*, 24 I. & N. Dec. 267, 269 (B.I.A. 2007) (quoting *Matter of Laureano*, 19 I. & N. Dec. 1, 3 (B.I.A. 1983)). The agency did not err in finding that Villaluz's evidence was insufficient to rebut the evidence of fraud. He failed to submit any objective evidence to resolve his inconsistent statements regarding the dates that he lived with Osmena. *See Matter of Ho*, 19 I. & N. Dec. 582, 591-92 (B.I.A. 1988) ("Attempts to explain or reconcile . . .

4

conflicting accounts, absent competent objective evidence pointing to where the truth, in fact, lies, will not suffice."). The travel and telephone records submitted did not demonstrate regular visits or contact between Villaluz and Osmena. , and their joint bank account statements did not show payment of any joint bills and demonstrated that they commingled a relatively small amount of money for a six-month period in accounts through which they conducted very few transactions.

Given Osmena's statement that Villaluz married her for immigration purposes, Villaluz's inability to state consistently when he lived with Osmena during their marriage, the inconsistent evidence he presented regarding the dissolution of his first marriage, and the weakness of his rebuttal evidence, we conclude that the agency's finding that Villaluz entered into a fraudulent marriage is supported by substantial and probative evidence. *See Matter of Phillis*, 15 I. & N. Dec. at 386-87. The agency's decision therefore was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[1] 5 U.S.C. § 706(2)(A).

We have considered the Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Having reached this conclusion, we, like the district court, need not address the agency's alternative basis for denying the petition: that Villaluz did not have the requisite work experience for the employment-related status change he sought.

5